UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:16 CR 174 |
| ) | |
| DEANDRA DAVIS ) | |

**OPINION and ORDER**

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 367.) For the reasons that follow, the motion is denied.

**I.  BACKGROUND**

In 2018, defendant was sentenced to 240 months imprisonment for conspiracy to distribute a controlled substance and possession of a firearm. (DE # 299.) Defendant is currently incarcerated at FCI Beckley in West Virginia, and has a projected release date of July 14, 2030. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr. 28, 2022).

Defendant filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 367.) The court referred the motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether he may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act (DE # 362), but the FCD filed a status report stating that it was unable to assist defendant (DE # 363). The Government responded in opposition (DE # 368), and defendant filed a reply in support. (DE # 373.) This matter is now ripe for ruling.

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Because, as explained below, defendant has failed to establish any extraordinary and compelling reason for compassionate release, the court need not analyze any other elements, and the motion must be denied. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for

2

example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

Defendant admits he has recovered from a COVID-19 infection. (DE # 373 at 1.) Nonetheless, defendant claims that he has several medical conditions, specifically obesity and hypertension, that place him at an increased risk of serious illness were he to re-contract COVID-19. (DE # 367 at 5.) The CDC reports that hypertension and obesity can increase a person's risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/ coronavirus/2019-ncov/ need-extra- precautions/ people-with- medical-conditions.html (last visited Apr. 28, 2022). However, not only does defendant fail to provide any evidence that he actually suffers from these conditions, he also fails to demonstrate that

3

these conditions are not being adequately managed by defendant and prison medical staff.

Moreover, at this point in time, defendant's risk of COVID-19 infection appears remote. The BOP appears to have controlled the spread of the virus at FCI Beckley, where there are currently zero cases of COVID-19 in a population of approximately 1,600. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 28, 2022). Further, the Seventh Circuit has noted that the BOP offers COVID-19 vaccination to all federal prisoners. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021) (citing *COVID-19 Vaccine Guidance* (Mar. 11, 2021)). Accordingly, the court held, a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.; United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

The combination of defendant's particular health conditions, the low risk of COVID-19 at defendant's particular institution, and the availability of vaccinations leads this court to conclude that extraordinary and compelling reasons do not exist to justify early release or home confinement in this case. Accordingly, defendant's motion is denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 367).

**SO ORDERED.**

Date: April 28, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT